UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23820-GAYLES

SEACOAST 5151 CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,

Defendant.
_________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO RIMKUS CONSULTING GROUP INC.**

COMES NOW, Plaintiff, Seacoast 5151 Condominium Association, Inc., by and through its undersigned counsel, and hereby files its Response in Opposition to Defendant's Motion to Quash Plaintiff's Subpoena to Rimkus Consulting Group Inc.[1]

## INTRODUCTION

As the Court is aware from the presently pending Amended Expedited Motion to Strike, etc. (the "Motion") (D.E. 126), Plaintiff retained Robert Schwarzkopf, a mechanical engineer employed by Rimkus Consulting Group Inc. ("Rimkus"), to serve as its consultant and as its mechanical engineering expert with respect to the chiller failure portion of the case. At issue with respect to the Motion is whether GA acted improperly in trying to secure the withdrawal/disqualification of Mr. Schwarzkopf, bypassing this Court and

[1] Defendant's Motion has been misnamed a "cross-motion" presumably to bypass the Court's procedure prohibiting the filing of discovery motions (D.E. 15) and the referral of such matters to Magistrate Judge Otazo-Reyes. The Court has brought this to GA's attention before (D.E. 99) and Seacoast specifically raised it with GA with respect to this Motion. (See attached Exhibit A).

appropriate legal process, resulting in prejudice to the Plaintiff and disruption of the Court's trial docket. GA has claimed that it had nothing to do with Rimkus' decision to withdraw Mr. Schwarzkopf, and that it merely contacted Rimkus for the purpose of "determin[ing] whether Rimkus had performed a conflict check" (D.E. 131, p. 6), and to "correct[] Rimkus's misunderstanding" about the case. (Id.) Those communications took place through e-mails between GA's counsel and Rimkus' General Counsel, Peter Poland, on April 24, 2019 and April 25, 2019.

Following receipt of those e-mails, on April 25, 2019 Mr. Poland wrote to Seacoast's counsel and advised:

> Counsel for Great American Insurance Company of New York ("Great American") **asserted to Rimkus that Rimkus' retention in the above-referenced matter creates a conflict of interest** because of Rimkus' prior retention by Great American in Rimkus Assignment No. 41418271 (concerning the boiler explosion at the property).
>
> Accordingly, this letter serves as notice that Rimkus immediately is ceasing work in, and withdrawing from the above-referenced matter.

(D.E. 126-1) (Emphasis supplied).

In order for the Court to be better informed about the substance of the issues in the Motion, including, to what extent GA raised the issue of conflict of interest in order to secure Mr. Schwarzkopf's withdrawal, Plaintiff requested Mr. Poland to produce the e-mails informally. Mr. Poland advised that he was instructed by GA's counsel not to produce the e-mails because they were "privileged"[2]. Accordingly, Seacoast subpoenaed the e-mails from Rimkus. (See Rimkus Subpoena attached hereto as Exhibit B). GA,

[2] GA did not identify to Mr. Poland, nor to this Court, what the alleged privilege was, but Mr. Poland followed GA's instructions and did not produce the e-mails. This point is raised in a separate context on page 7, infra, with attached e-mails from GA counsel.

however, wished to prevent the Court from seeing the e-mails. As such, rather than setting the matter before the Magistrate Judge as required by this Court's Scheduling Order (D.E. 15), GA filed the present Motion to Quash. For the following reasons, the Court should strike or deny Defendant's Motion to Quash and award Plaintiff fees for having to review, analyze, and respond to it.

## ARGUMENT

### THE COURT SHOULD STRIKE DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA TO RIMKUS CONSULTING GROUP INC. AND AWARD PLAINTIFF ATTORNEY FEES

Pursuant to this Court's Scheduling Order, "**[n]o written discovery motions . . . shall be filed unless the Magistrate Judge requests it after a discovery hearing.**" (D.E. 15 [emphasis in original].) The present Motion violates this clear directive. There is no question that: (1) the subject motion is a "written discovery motion"; (2) there has not been a hearing before the Magistrate Judge; and (3) the Magistrate Judge never requested Defendant to file the subject Motion. The Court should strike the Motion.

Significantly, this is not the first time GA has tried to bypass the Magistrate Judge in an effort to have the District Court review its discovery issues. On February 7, 2019, Defendant attempted to avoid this Court's Order by doing the same thing it did here, including in one "motion" two discrete motions. In February, it was a motion for continuance (which may be filed in this Court) and a motion to compel a site inspection (which cannot). (D.E. 98.) With regard to the latter discovery motion, the Court refused to rule on the matter and instructed: "The parties shall raise any issues regarding a site inspection with Magistrate Judge Otazo-Reyes, in accordance with her discovery procedures." (D.E. 99.)

Thus, the Court has already attempted to prevent Defendant from violating its Order once. Additionally, Plaintiff expressly raised this point with GA BEFORE it filed this Motion and advised GA that a motion to quash could not be filed as it was a discovery motion. (See e-mail string attached hereto as Exhibit C). There is no question that Defendant willfully violated this Court's Order.

In light of the above, Plaintiff requests the Court to strike Defendant's Motion and to award Plaintiff the attorney fees associated with reviewing, analyzing, and responding to a motion that Defendant knew should not have been filed in the first place.

**DEFENDANT DOES NOT HAVE STANDING TO RAISE ANY OBJECTION EXCEPT BASED ON PRIVILEGE AND HAS FAILED TO ASSERT OR ESTABLISH ANY PRIVILEGE WITH REPSECT TO THE DOCUMENTS**

Federal Rules of Civil Procedure afford parties and nonparties the opportunity to be heard on the issue of a purported deficiency with a subpoena for deposition on a nonparty. Unlike nonparties, however, parties are limited in scope as to the bases upon which it may challenge a subpoena. In pertinent part, Rule 45 provides as follows:

> (d) Protecting a Person Subject to a Subpoena; Enforcement.
>
> . . .
>
> (2) Command to Produce Materials or Permit Inspection.
>
> . . .
>
> (B) Objections. A person commanded to produce documents or tangible things . . . may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials . . .—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. . . .
>
> . . .
>
> (3) Quashing or Modifying a Subpoena.
>
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:



KRAMER GREEN ZUCKERMAN GREENE & BUCHSBAUM, P.A.
PRESIDENTIAL CIRCLE • 4000 HOLLYWOOD BOULEVARD • SUITE 485 SOUTH • HOLLYWOOD, FL 33021 • BROWARD 954 / 966-2112 • MIAMI-DADE 305 / 374-4382 • FAX 954 / 981-1605

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(2)(B), (d)(3)(A)(i)–(iv). Courts have unquestionably interpreted this rule to mean that a party cannot oppose a subpoena served on a nonparty for any reason other those listed in subpart (d)(3)(A). (See, e.g. Dunedin Development Co., LLC v. City of Dunedin, Fla., No. 8:09-CV-303-T-33MAP, 2009 WL 10708337 (M.D. Fla. June 16, 2009)) (Plaintiffs motion to quash nonparty subpoenas because they were burdensome, overbroad, lacked a time frame, and might contain privileged and protected proprietary matters was denied on all grounds based upon lack of standing and denied based upon privilege because Plaintiff failed to make a "specific showing" of the privilege.). See also: Anglin v. Maxim Healthcare Services, Inc., 2009 WL 928305, *1 (M.D. Fla. April 3, 2009); Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005); State of Fla. ex rel. Butterworth v. Jones Chemicals, Inc.[,] 1993 WL 388645, *2 (M.D. Fla. March 4, 1993); Bender v. Tropic Star Seafood, Inc., 2008 WL 2824450, *2-*3 (N.D. Fla. July 21, 2008); Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997).

In the present case, Defendant asserted a litany of objections that would only be appropriate for Rimkus to make (such as the novel objection that Plaintiff was obligated to serve Rimkus in Texas because the emails are located in Texas—notwithstanding the fact that the emails are available electronically and it is appropriate to serve Rimkus in Florida because Rimkus is registered to do business here).[3] The Court should hold that GA's (non-

---

[3] As stated in Plaintiff's Motion, Rimkus invited Plaintiff to subpoena the documents. The time for Rimkus to object has come and gone, and (to no one's surprise) Rimkus has not objected to the subpoena. Thus, only Defendant seeks to prevent the

privilege) objections are meritless for the same reason. Defendant does not have standing to assert such objections.

In addition, the Court should also deny Defendant's Motion based upon its claim the documents are privileged. It is well-established the party asserting privilege has the burden to establish the existence of a privilege by a preponderance of the evidence. See MapleWood Partners, L.P. v. Indian Harbor Ins. Co., 295 F.R.D. 550, 583 (S.D. Fla. 2013) (citing U.S. v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990); Daubert v. Merrell Dow Pharms., 509 U.S. 579 (11th Cir. 1990)).

Despite the fact it is Defendant's burden of proof to establish the existence of a privilege, Defendant has not even made clear what privilege is being asserted. Defendant says nothing more on this point other than (1) "Plaintiff's subpoena encompasses communications between counsel for Great American and counsel for Rimkus" and (2) "Great American objected to the subpoena as it believed that Plaintiff was seeking privileged and confidential communications between counsel for Great American and Rimkus." (D.E. 131, pp. 13, 14.) That's it! Nothing claiming attorney client privilege. Nothing claiming work product privilege. Nothing.

This is not insignificant in that Seacoast attempted to address this matter with Great American without involving the Court as part of its good faith effort to try and agree to issues. On April 27, 2019, GA's counsel, for the first time, claimed that its communication with Rimkus' general counsel was "privileged". Specifically, in response to a request by Seacoast to resolve this issue and permit Rimkus to send the e-mails in question, Great American stated:

---

disclosure of its counsel's communications concerning Mr. Schwarzkopf's extrajudicial disqualification.

> We will not withdraw our instructions to our client's previously retained consultant not to share privileged e-mails exchanged between counsel …

(Exhibit C). Undersigned inquired:

> What privilege are you asserting over those e-mails?

(Exhibit C). Great American's counsel responded:

> That should be obvious, but if you really do not know, I suggest you do some research.

(Exhibit C) (Emphasis supplied).

Well, here we are in front of the Court, and GA has filed a Motion to Quash based, in part, upon its assertion of some unidentified "privilege". What privilege is GA talking about? We still don't know, and Great American won't say. Perhaps it did the research, and found, as is the case, the e-mails are not privileged. Certainly, there can be no claim of attorney-client privilege as there is not even a suggestion that an attorney-client relationship existed. (See generally, D.E. 131). Similarly, GA cannot claim work product privilege as there is no contention the e-mails contain defense counsel's thoughts on any litigation strategy. (Unless, of course, the litigation strategy was to obtain the disqualification of Seacoast's expert. In such a case, the e-mail would still not be privileged, but it would be evidence of GA's knowledge and intent in this matter.)

Further, if it were assumed, just for the sake of argument, the documents were privileged, Defendant clearly waived any such privilege. Significantly, the e-mails were written by GA's lawyer to a third party whom GA claimed had a relationship with the Plaintiff sufficient to create a conflict of interest. Obviously, Great American shared the e-mails with an entity with whom it could not have any reasonable expectation of privacy. If it did, how seriously could it have taken the purported "conflict of interest"?

In sum, GA has no standing to assert any basis to quash Plaintiff's Subpoena other than a claim of privilege. Since GA has not and cannot set forth any privilege over e-mails sent to Rimkus' general counsel, the Court should deny the Motion to Quash and the documents should be produced forthwith.

## CONCLUSION

Plaintiff, Seacoast 5151 Condominium Association, Inc., respectfully requests the Court to strike or deny Defendant's Motion to Quash Plaintiff's Subpoena to Rimkus Consulting Group Inc. and to award Plaintiff attorney fees and expenses as set forth above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy has been sent via electronic mail this 13th day of March, 2019 to: Brooke Danielle Oransky, Esq., boransky@moundcotton.com, William David Wilson, Esq., wwilson@moundcotton.com; Laura F. Farrant, Esq.,lfarrant@moundcotton.com, Mound, Cotton, Wollan, Greengrass, 101 N.E. Third Avenue, Ft. Lauderdale, FL 33301.

KRAMER, GREEN, ZUCKERMAN,
GREENE & BUCHSBAUM, P.A.
Co-Counsel for Plaintiff
4000 Hollywood Blvd., Suite 485-S
Hollywood, FL 33021
954-966-2112-phone; 954-981-1605 – fax

By: /s/ Craig M. Greene, Esq.
CRAIG M. GREENE, ESQ.
Florida Bar No. 618421
cgreene@kramergreen.com
And

Adrian Neiman Arkin, Esq.
Co-Counsel for Plaintiff
Mintz Truppman, P.A.
1700 Sans Souci Boulevard
North Miami, FL 33181
Adrian@mintztruppman.com